FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 14 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01071-BNB

DEBRA ANN MARCOTTE,

    Applicant,

v.

DAN BEECK, CEO, ROCKY MOUNTAIN OFFENDER MANAGEMENT SYSTEMS, LLC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

I. Background

Applicant, Debra Ann Marcotte, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. In an order entered on May 13, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 2, 2011, Respondents filed a Pre-Answer Response and addressed the affirmative defenses of timeliness and exhaustion of state court remedies. Ms. Marcotte filed a Reply on August 12, 2011. Respondents do not challenge the timeliness of this action only Ms. Marcotte's failure to exhaust her state-court remedies.

Respondents assert and Ms. Marcotte concurs that she initially was charged with stalking, a class five felony, and three counts of false reporting, class three misdemeanors. On May 24, 2010, Ms. Marcotte pled guilty to false reporting under count three, and to an added count of harassment, each a class three misdemeanor, and was sentenced to two years of probation in Case No. 09CR1589 in the Boulder County District Court. Respondents assert, and Ms. Marcotte concedes in the Application, that she did not pursue an appeal. Ms. Marcotte also concedes she filed a motion for postconviction relief that is pending before the Boulder County District Court.

Ms. Marcotte asserts that her due process and equal protection rights have been violated because the state district court denied her request for a protective order against her neighbors. She also contends that she was denied effective assistance of counsel and her guilty plea was entered unknowingly and involuntarily.

II. Analysis

The Court must liberally construe Ms. Marcotte's Application because she is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a pro se litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Ms. Marcotte has failed to exhaust her state court remedies. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. See *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531,

1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that she has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Ms. Marcotte appears to argue that she attempted to exhaust her state court remedies by filing a writ of habeas corpus with the Colorado Supreme Court in April 2011, but the document was returned to her with a note that read, "This should be filed in Federal Court. Not State Supreme Court." Although Ms. Marcotte has not submitted

3

a copy of the document she tried to send to the Colorado Supreme Court and the address she used for the Court is the State Attorney Registration Office, Ms. Marcotte's alleged attempt to exhaust state court remedies is improper.

If a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946).

Nonetheless, Ms. Marcotte concedes that a postconviction motion currently is pending before the Boulder District Court in which she has raised ineffective assistance of counsel claims. May 9, 2011 Application (Doc. No. 3) at 4 and Reply (Doc. No. 18) at 7. Therefore, the Application will be dismissed for failure to exhaust state court remedies.

III. Conclusion

Based on the above findings, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that no certificate of appealability shall issue because Ms. Marcotte has failed to show that jurists of reason would find it debatable that the district

court was correct in its procedural ruling. See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

DATED at Denver, Colorado, this __14th__ day of __September__, 2011.

BY THE COURT:


　　s/Lewis T. Babcock
　　LEWIS T. BABCOCK, Judge
　　United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01071-BNB

Debra Ann Marcotte
2800 Kalmia Ave #215-C
Boulder, CO 80301

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on September 14, 2011.

                                      GREGORY C. LANGHAM, CLERK

                    By:_____
                               Deputy Clerk